FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E D N Y

★ OCT 0 1 2009

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | 08-CR-920 (JBW) |
| v. | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| VANESSA MATOS MORILLO, | |
| Defendant. | |

---

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

1

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On February 24, 2009, Vanessa Matos Morillo pled guilty to a lesser-included offense of count one of a two-count indictment, which charged that on December 3, 2008 she imported heroin into the United States, in violation of 21 U.S.C. §§ 952(a) and 960(b)(3).

Matos Morillo was sentenced on September 8, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, a two-level "safety valve" reduction to the total offense level was found to apply because all criteria in 18 U.S.C. § 3553(f) and section 5C1.2 of the United States Sentencing Guidelines had been satisfied: 1) Matos Morillo does not have more than one criminal history point; 2) she used no violence, threats, or dangerous weapons in connection with the offense; 3) there was no serious bodily harm caused to anyone; 4) she was not an organizer, leader, manager, or supervisor in the offense, and was not engaged in a continuing criminal enterprise; and 5) she truthfully provided to the government information regarding the offense. The government agreed that the defendant was entitled to the "safety valve" reduction.

The court found the total offense level to be 21 and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between 37 and 46 months. The offense carried a maximum term of imprisonment of 20 years. See 21 U.S.C. § 960(b)(3). The guidelines range of fines was from $10,000 to $1,000,000. The open count in the indictment was dismissed upon motion by the government.

Matos Morillo was sentenced to 24 months imprisonment and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and likely will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a) and Booker.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious but appears to have been an aberrational crime that was committed at the behest of drug smugglers seeking to take advantage of the relative youth and immaturity of this defendant, in light of her financial circumstances and desire to support her young child. She is young and capable of leading a productive and law-abiding life. Her expressions of contrition appear sincere. Her son is in the care of a family friend in the Dominican Republic; the son's father is not involved in the child's care and provides no support. Matos Morillo's mother is undergoing treatment for cancer and is unable to help with the child's care. It is desirable that the defendant resume custody and care of her child and assist her sick mother. A sentence of 24 months reflects the seriousness of the offense, and will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in illicit drug importation will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this

3

conviction on the defendant's ability to apply for certain employment. It is unlikely that she will engage in further criminal activity in light of her acceptance of responsibility and her family circumstances.

Jack B. Weinstein
Senior United States District Judge

Dated: September 25, 2009
Brooklyn, New York